RECEIVED
APR - 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES TED JOANEN, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE SUCCESSION OF MARY LOU JOANEN | : | DOCKET NO. 2:11-244 |
| VS. | : | JUDGE TRIMBLE |
| STATE FARM FIRE AND CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (R. #20) and "State Farm's Motion in Limine to Exclude Evidence of Charles Norman's Expert Opinion Under F.R.C.P. 37" (R. #21). In its motion for summary judgment, State Farm Fire and Casualty Company ("State Farm") maintains that plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his Standard Flood Insurance Policy ("SFIP") because he (1) failed to support his current claims for additional federal benefits under the SFIP by submitting a sworn and signed Proof of Loss, and/or (2) failed to file the instant lawsuit within one (1) year of State Farm's written denial of all or part of his claim as required by Article VII(R) of the SFIP. Alternatively, State Farm maintains that plaintiff's recovery is limited because the property is defined as a post-FIRM elevated building by Articles III(A)(8) and III(B)(3) of the SFIP.

In its motion in limine, State Farm seeks to exclude plaintiff's expert, Charles Norman because Mr. Norman's opinions failed to comply with Federal Rule of Civil Procedure 26.

## STATEMENT OF FACTS

Plaintiff, James Ted Joanen, owns property located at 1455 Big Pasture Rd. in Lake Charles, Louisiana. The property was constructed in 1985. State Farm issued an SFIP with Coverage A (building) limits of $81,000 and Coverage B (contents) limits of $47,000. The property is rated as a Post FIRM elevated building. State Farm issued the SFIP as a Write-Your Own ("WYO") program carrier pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA").[1]

On September 13, 2008, Hurricane Ike caused damage by or from flood to the property in question. Plaintiff submitted a claim to State Farm pursuant to the SFIP for flood damages sustained as a result of the hurricane. On September 28, 2008, State Farm inspected the property. On October 13, 2008, State Farm issued a denial letter to plaintiff denying coverage for out buildings, LP tanks and septic tanks. On February 9, 2009, State Farm received plaintiff's contents inventory summary. On February 23, 2009, State Farm received additional information regarding plaintiff's contents inventory from plaintiff. On April 24, 2009, plaintiff executed a Proof of Loss in the net amount of $29,063.33. On April 26, 2009, State Farm issued a draft to plaintiff in the net amount of $29,063.33 – $4,404.55 pursuant to Coverage A (for building) and $24,658.78 pursuant to Coverage B (for contents).

On April 30, 2009, plaintiff forwarded to State Farm a document completed by an engineer which claimed additional damages. On May 22, 2009, State Farm re-inspected the property. On June 3, 2009, State Farm issued a letter denying coverage for damages to the lower level of the elevated dwelling citing the Post FIRM elevated policy restrictions.

On July 14, 2009, State Farm received additional documents from plaintiff. On July 15,

---

[1] 42 U.S.C. § 4001, *et seq.*

2009, State Farm re-inspected the property. On August 5, 2009, plaintiff executed a Proof of Loss in the total amount of $14,089.05 pursuant to Coverage A (for building) and $24,658.78 pursuant to Coverage B (for contents). Based upon the re-inspections, State Farm issued a draft on August 5, 2009 to plaintiff in the amount of $9,684.50 representing the unpaid portion of plaintiff's Coverage A claim. On August 7, 2009, State Farm denied coverage for interior flooring, subfloors or insulation via a letter; State Farm contended that there was no direct physical loss by or from flood because the water line was below the subfloor of the elevated property.

On January 25, 2010, State Farm received a letter from plaintiff requesting a review of another report completed by the engineer. On February 22, 2010, State Farm again denied coverage for the interior flooring, subfloors and insulation for the total amount of $44,521.89. On March 15, 2010, in response to another request by plaintiff to review his claim, State Farm denied coverage asserting that there was no physical evidence of damage by or from flood. Plaintiff appealed his claim for additional damages to FEMA in October 2009 which was denied on July 2, 2010.

On February 14, 2011, plaintiff filed the instant lawsuit against State Farm in its capacity as a WYO Program carrier seeking additional funds pursuant to the SFIP for the additional damage in the amount of $44,521.89. State Farm maintains that as of this date, plaintiff has failed to submit a Proof of Loss as defined by Article VII(J)(4) of the SFIP, other than those mentioned above which have been paid. Thus, State Farm submits that plaintiff has failed to support his flood claims for U.S. Treasury proceeds under the SFIP by submitting a Proof of Loss attesting to a sum certain as required by Articles VII(J)(4) and VII(R) of the SFIP within the 270-day extension of the normal sixty (60) Proof of Loss deadline issued by FEMA following Hurricane Ike.

Plaintiff submits that even though he did not submit a proof of loss in the form of the State

Farm Flood Sworn Statement and Proof of Loss, his losses were documented in several reports of Charles R. Norman, Professional Engineer, dated April 10, 2009, July 14, 2009, August 28, 2009 and January 26, 2010, and also estimates of damage totaling $44,531.89 were documented in Mr. Norman's report dated January 12, 2010 which were sent with a letter and transmitted to State Farm on January 25, 2010.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires

---

[2] Plaintiff's exhibit 1, p. 98 and exhibit 6.

[3] Fed. R.Civ. P. 56(c).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[7] Anderson, 477 U.S. at 249.

4

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

In this Hurricane Ike property damage case, State Farm paid plaintiff $29,063.33 ($4,404.55 for Coverage A -the building and $24,658.78 for Coverage B– for contents) under the SFIP. State Farm paid plaintiff an additional $9,684.50 for a Coverage A claim. Plaintiff alleges that State Farm owes an additional $44,521.89 for replacement of the subflooring and carpet in the home and additional damage to the attached garage. State Farm denied this claim based on its determination that there was no direct physical loss by or from flood as the water line was below the subfloor of the elevated property. In its motion for summary judgment, State Farm maintains that plaintiff's claims must be dismissed because plaintiff failed to submit a Proof of Loss attesting to a sum certain as mandated by Article VII(J)(4) of the SFIP. State Farm also maintains that plaintiff failed to filed the instant lawsuit within one (1) year of the written denial of all or part of his claim as required by Article VII(R) of the SFIP. Finally, State Farm maintains that plaintiff's claims are limited because the property at issue is defined as a post-FIRM elevated building by Articles III(A)(8) and III (B)(3)

---

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[10] Anderson, 477 U.S. at 249-50.

of the SFIP because plaintiff's property is not insured up to 80% of the replacement cost value. Thus, any covered payments would be paid on an actual cash value basis.

Plaintiff's claims involve the National Flood Insurance Program (NFIP), which Congress created to provide insurance coverage at or below actuarial rates.[11] FEMA operates the program, and it is supported by the federal treasury.[12] Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write-Your-Own" ("WYO") companies.[13] State Farm issued the policy to plaintiff as a WYO company. By statute, WYO companies are fiscal agents of the United States.[14]

FEMA fixes the terms and conditions of all federal flood insurance policies including the policy issued to Plaintiff. Policies must be issued in the form of a Standard Flood Insurance Policy (SFIP) and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator.[15] The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all of the policy's requirements, including the POL requirement.[16] This is a strict requirement.

In Gowland, supra, the court explained that the POL requirement–contained in a provision

---

[11] Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998)

[12] Id.

[13] Id.

[14] 42 U.S.C. § 4071(a)(1).

[15] 44 C.F.R. § 61, app. A(2), art. VII.D.

[16] 44 C.F.R. § 61, app. (A)(1), arts. VII.J, VII.R.

of an insurance policy issued pursuant to a federal program–must be "strictly construed and enforced."[17] There are numerous Fifth Circuit cases that have held that under circumstances where no sworn timely Proof of Loss has been submitted, no further benefits are payable under the Plaintiff's SFIP.[18] In the Richardson case, the Fifth Circuit re-affirmed its prior precedent in holding that (1) a proof of loss is absolutely required to pursue U.S. treasury funds; (2) substantial compliance is not a valid defense to a failure to submit a proof of loss; and (3) estoppel is not a valid defense to a failure to submit a proof of loss.[19]

With respect to Hurricane Ike, FEMA issued extensions which gave SFIP holders until August 7, 2009 to submit to their WYO carrier a signed and sworn Proof of Loss.[20] On April 24, 2009, plaintiff executed a sworn Proof of Loss in the net amount of $29,063.33. On April 26, 2009, States Farm issued a draft to plaintiff for that same amount. On August 5, 2009, plaintiff executed a Proof of Loss for $24,658.78 ($14,089.05 for Coverage A and $24,658.787 for Coverage B for Coverage B.) On August 5, 2009, State Farm issues a draft to plaintiff in the amount of $9,684.50 which represented the unpaid portion of plaintiff's Coverage A claim. State Farm issued a letter on

---

[17] 143 F.3d at 954.

[18] See Marseilles Homeowners Cond. Assoc., Inc. v. Fidelity National Insurance Company, 542 F.3d 1053 (5th Cir. 2008); Richardson v. American Bankers Ins. Co. of Florida, 279 Fed.Appx. 295, 2008 WL 510518 (5th Cir. 2008); Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998); Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005); See also Chaddick v. Allstate Ins. Co., 2009 WL 455183 (W.D. La. 2009) and Blanchard v. Fidelity National Prop. and Cas. Ins. Co., 2010 WL 1850645, *4 (W.D. La. 2010).

[19] See also Marseilles, supra for same holding.

[20] State Farm exhibit B, affidavit of Grover Gail Brashier; State Farm exhibit 8, FEMA Bulletin.

August 7, 2009 denying coverage for the interior flooring, subfloors or insulation as there was no direct physical loss by or from flood because the water line was below the subfloor of the elevated property. On two subsequent occasions, plaintiff requested that State Farm review other reports by plaintiff's engineer; State Farm reviewed said reports but denied coverage on both requests for review. On February 14, 2011, plaintiff filed the instant lawsuit seeking additional funds pursuant to the SFIP.

Article VII(J)(4) of the SFIP requires that a sworn Proof of Loss must be sent to the WYO carrier within 60 days after the loss. The federal judiciary is without power to order a disbursement of treasury funds under an SFIP issued by a private insurance company where the proof of loss has not been complied with by the insured.[21] It is undisputed that plaintiff submitted two sworn Proof of Losses dated April 24, 2009 and August 5, 2009 which plaintiff concedes that State Farm paid.[22] Plaintiff asserts that the January 12, 2010 report of Charles R. Norman provided to State Farm on January 25, 2010 is sufficient for Item "f"– Specifications of damaged building and detailed repair estimates. This report estimates costs to repair additional flood damage to the home for replacement of the carpet, subflooring and associated repairs in the amount of $39,336.84. and to repair the garage area in the amount of $5,195.00. Plaintiff argues that this report should meet the proof of loss requirement. Plaintiff maintains that he should not be penalized for not filling out a third Proof of Loss for the additional damages he is claiming.

---

[21] Gowland, supra.

[22] Plaintiff's memorandum, p. 9, R. #24.

FEMA granted SFIP policyholders 330 days[23] from the date of Hurricane Ike or until August 7, 2009 to submit a signed and sworn Proof of Loss compliant with the provisions set forth in Article VII[24] and Article VIII of the SFIP.[25] First, the report of Mr. Norman is not a signed and sworn Proof of Loss as mandated by the SFIP and furthermore, it was submitted to State Farm on January 25, 2010 which is untimely. In his deposition, plaintiff testifies that he did not execute any other proofs of loss other than the two for which State Farm paid dated April 24 and August 5, 2009.[26] Under FEMA regulations, strict adherence is required as to all terms of the SFIP.[27] The SFIP expressly provides that a claimant must file a signed and sworn Proof of Loss. The report of Mr. Norman does not comply with the SFIP. Even though we also have serious reservations about the timeliness of plaintiff's filing of the Report as his Proof of Loss, we do not decide this matter based on untimeliness. Rather, we find that the Report does not comply with the strict requirements of FEMA's regulations and the SFIP. Accordingly, we find that there is no genuine issue of material fact for trial as to whether or not plaintiff filed a sworn and signed Proof of Loss.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claim for additional benefits under the SFIP. We further decline to address

---

[23] Policyholders have a normal 60 days plus a 270 day extension to submit their Proof of Loss.

[24] General Conditions, Paragraph J.4.

[25] Defendant's exhibit 8, FEMA letter dated June 3, 2009. R. #20-11.

[26] Defendant's exhibit A, p. 98.

[27] 44 C.F.R. § § 61.13(a), (d), (e).

State Farm's other arguments as to the timeliness of this lawsuit and to limit plaintiff's recovery because the property is defined as a post-FIRM elevated building by Articles III(A)(8) and III(B)(3) of the SFIP. Finally, based on our ruling, we also deem it unnecessary to decide the motion in limine filed by State Farm; we will deny that motion as moot.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of April, 2012.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE